**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re application of<br><br>Petrus Advisers Ltd.,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA. No. 26-719-CFC |

**PETITIONER PETRUS ADVISERS LTD.'S
OPPOSITION TO RESPONDENT THE CARLYLE GROUP INC.'S
MOTION TO EXTEND RESPONDENT'S OPPOSITION DEADLINE**

Petitioner Petrus Advisers Ltd. ("Petitioner") hereby opposes the Carlyle Group Inc. ("Respondent")'s motion to extend its deadline to file any motion to reopen the case, quash Petitioner Petrus Advisers Ltd.'s ("Petitioner") subpoena, and/or challenge alleged deficiencies in the Application from August 24, 2026, to August 31, 2026. D.I. 24. Petitioner submits the following as grounds for its opposition:

1. Petitioner filed an Application pursuant to 28 U.S.C. § 1782 against Respondent on June 18, 2026 (Petitioner and Respondent collectively, the "Parties"). D.I. 4.

2. The Application was granted on June 29, 2026. D.I. 19.

3. Subsequently, the Parties engaged in negotiations in an attempt to fully resolve the Application and, in connection therewith, Petitioner filed an unopposed motion to stay. D.I. 21.

4. The unopposed motion to stay was drafted, in the first instance, by counsel for Respondents, who proposed that Respondent's deadline to file any motion to reopen the case, quash Petitioner's subpoena, and/or challenge alleged deficiencies in the Application would be two weeks from the date upon which the Parties determined that settlement negotiations had failed. *See id.*

5. The Parties were unable to reach a resolution when Respondent refused to engage in good faith in settlement negotiations.

6. On August 10, 2026, Petitioner's counsel informed Respondent's counsel that they intended to notify the Court that settlement negotiations had failed and file an unopposed motion setting Respondent's deadline to file any opposition to the Application for two weeks from such date, per the Parties' previous agreement.

7. Petitioner filed an unopposed motion to withdraw its previous motion to stay, which remained pending, and set Respondent's deadline to file any motion to reopen the case, quash Petitioner's subpoena, and/or challenge alleged deficiencies in the Application for August 24, 2026. D.I. 22.

8. Over a week after confirming the August 24 deadline, Respondent contacted Petitioner requesting an extension for its time to file any opposition to the Application. After email correspondence and a meet and confer in which Petitioner opposed such request for the reasons stated below, Respondent filed the instant motion to extend its deadline to oppose the Application. D.I. 24.

9. Respondent has identified no good cause to extend its deadline to oppose the Application. The Application was granted nearly two months ago. Respondent's compliance with the subpoena and deadline for any opposition was already extended significantly, at Respondent's request, to facilitate settlement discussions in which then Respondent refused to participate. Respondent's argument that it "did not anticipate that Petitioner would reinitiate the subpoena mid-August" is disingenuous when Petitioners informed Respondents that they would do so absent meaningful engagement from Respondent in the settlement process, which Respondent failed to provide. Respondent proposed that its deadline be set for two weeks from the date upon which settlement negotiations failed, and Respondent should be bound by such deadline, especially in the face of Respondent's refusal to engage in good faith in settlement negotiations. Petitioner has already been prejudiced by the delay to date and is entitled to litigate the subpoena on the timeline agreed upon by the Parties.

10. For these reasons, no good cause exists to extend Respondent's deadline to move to reopen the case, quash Petitioner's subpoena, and/or challenge alleged deficiencies in the Application to August 31, 2026, and Petitioner respectfully requests that the Court deny such motion.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Denise S. Kraft*
Jamie L. Brown (#5551)
Denise S. Kraft (#2778)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 472-7300
jbrown@hegh.law
dkraft@hegh.law
*Attorneys for Petitioner*

OF COUNSEL:

PALLAS PARTNERS (US) LLP
Duane L. Loft
Brianna Hills Simopoulos
Adair Kleinpeter-Ross
75 Rockefeller Plaza
New York, NY 10019
(212) 970-2300
Duane.Loft@pallasllp.com
Brianna.Simopoulos@pallasllp.com
Adair.Kleinpeter-Ross@pallasllp.com

Dated: August 21, 2026